```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF PUERTO RICO
```

WILFREDO RAMOS-MARTÍNEZ,

    Petitioner,

    v.

UNITED STATES OF AMERICA,

    Respondent.

Civil No. 08-1388(JAF)

(Crim. No. 01-638)

**OPINION AND ORDER**

Petitioner Wilfredo Ramos-Martínez moves for relief from a federal court conviction pursuant to 28 U.S.C. § 2255, Docket No. 1, and moves to toll the statute of limitations, Docket No. 2. Respondent the United States of America responds, Docket No. 18, and Petitioner replies, Docket No. 23.

**I.**

**Factual and Procedural Summary**

On April 16, 2002, Petitioner pled guilty before Judge Gene Carter, visiting from the United States District Court for the District of Maine, to one count of conspiracy to distribute multi-kilogram quantities of controlled substances. Case No. 01-638, Docket No. 96. The minute sheet for Petitioner's change-of-plea hearing has a blank line where the entry for the courtroom interpreter would ordinarily appear. Docket No. 18-2. The presiding judge at the change-of-plea hearing did not ask Petitioner whether he needed the services of an interpreter. The Petitioner or his counsel did not

Civil No. 08-1388 (JAF)                                                    -2-

1   request the services of the interpreter either. <u>Case No. 01-638,</u>

2   <u>Docket No. 100</u>. The judge did instruct Petitioner, however, that if

3   at any time he did not understand questions asked of him, he should

4   not try to answer the question. <u>Id.</u> Petitioner agreed. <u>Id.</u>

5        The judge proceeded to engage Petitioner in the following

6   colloquy:

7           Q:   What is your age?
8           A:   I'm 26.
9           Q:   And what was your date of birth?
10          A:   October 17th, 1975.
11          Q:   Where were you born?
12          A:   In Ponce.
13          Q:   Did you graduate from high school?
14          A:   In a course given at night school, I did
15               graduate from that second year.
16          Q:   Did you get a high school diploma as a
17               result of that?
18          A:   No.
19          Q:   How many years of high school did you
20               complete?
21          A:   I left fifth and then I signed up for night
22               school and I was able to complete two
23               grades in one year.
24          Q:   Have you had any further formal education
25               beyond that?
26          A:   No.
27          Q:   Are you now or have you recently been under
28               the care of a physician or psychiatrist?
29          A:   No, not right now; no.
30          Q:   When was the last time that you were under
31               the care of a physician or a psychiatrist?
32          A:   I don't recall the exact date specifically
33               but around a month and-a-half ago.
34          Q:   For what ailment or condition?
35          A:   For cardiac arrythmia [sic].

36  <u>Id.</u> The court proceeded to confirm that Petitioner had discussed the

37  charge with his attorney, that he understood the elements and nature

38  of the offense and the penalties to which he might be subject, that

Civil No. 08-1388 (JAF)                                                 -3-

he was satisfied with his attorney, and that he understood that he had the right to a jury trial. Id. Petitioner further stated that he had not been coerced by his attorney, that he understood that he was waiving his right to a jury trial and appeal, and that he acknowledged his guilt in the underlying offense. Id. Later in the hearing, his attorney, David Román, informed the court that "[Petitioner] does not speak english [sic] and [the] indictment is in english [sic]." Id. On November 12, 2002, the court sentenced Petitioner to imprisonment for a term of 480 months. Case No. 01-638, Docket No. 123. Petitioner filed a notice of appeal on November 15, 2002. Case No. 01-638, Docket No. 126. The First Circuit denied the appeal on November 9, 2005. Case No. 01-638, Docket No. 189. Petitioner did not file a request for certiorari.

On April 1, 2008, Petitioner filed the present § 2255 motion in federal district court. Docket Nos. 1, 7. He also filed a motion for equitable tolling of the statute of limitations under § 2255. Docket No. 2. The United States opposed on June 6, 2008, Docket No. 18, and Petitioner replied on August 18, 2008, Docket No. 23.

## II.

### Standard Under Section 2255

A federal district court has jurisdiction to entertain a § 2255 motion when the petitioner is in custody under the sentence of a federal court. See 28 U.S.C. § 2255. Section 2255 provides four grounds under which a federal prisoner challenging the imposition or

length of his sentence may seek relief. The petitioner may argue that: (1) the court imposed the sentence in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose such a sentence; (3) the sentence was in excess of the maximum term authorized by law; or (4) the sentence is otherwise subject to collateral attack. See id. Should a court find any of these errors, it "shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." Id.

The petitioner bears the burden of establishing, by a preponderance of the evidence, that he is entitled to relief. United States v. DiCarlo, 575 F.2d 952, 954 (1st Cir. 1978). "Unless the motion and files and records of the case conclusively show that the prisoner is entitled to no relief," the court shall grant a prompt hearing to determine the issues and make the appropriate factual findings and legal conclusions. 28 U.S.C. § 2255(b).

### III.

### Analysis

Because Petitioner is pro se, we construe his pleadings more favorably than we would pleadings drafted by an attorney. See Haines v. Kerner, 404 U.S. 519, 520 (1972); Ayala Serrano v. Lebrón González, 909 F.2d 8, 15 (1st Cir. 1990). However, Petitioner's pro-se status does not insulate him from the strictures of procedural and

substantive law. See Ahmed v. Rosenblatt, 118 F.3d 886, 890 (1st Cir. 1997).

Petitioner asserts that we must set aside his sentence pursuant to § 2255 because his guilty plea was not knowing, intelligent, and voluntary, and was obtained in violation of due process, since he had no interpreter at the change-of-plea hearing. Docket Nos. 1, 7. Petitioner also argues that his trial counsel was ineffective for failing to insist that he receive the services of an interpreter, and that he would have insisted on going to trial had he understood the proceedings. Docket Nos. 1, 7. The United States counters that we must dismiss Petitioner's § 2255 petition because (1) it was filed after the one-year statute of limitations and is not subject to equitable tolling, and (2) the petition lacks merit, because an interpreter was provided to Petitioner. Docket No. 18. As we find that Petitioner's § 2255 petition lacks merit, we need not consider whether we should apply equitable tolling and treat the § 2255 petition as timely filed.

The Due Process Clause and Federal Rule of Criminal Procedure 11 require a court to ascertain that a defendant understands the nature of the charge to which he is pleading guilty before accepting the guilty plea. Fed. R. Crim. P. 11(b); United States v. Matos-Quiñones, 456 F.3d 14, 22 (1st Cir. 2006). We consider the totality of the circumstances to determine whether a defendant's guilty plea was knowing and intelligent within the meaning of Rule 11. United States

v. Bierd, 217 F.3d 15, 18 (1st Cir. 2000) (quoting United States v. Cotal-Crespo, 47 F.3d 1, 3-4 (1st Cir. 1995)). "A variance from the requirements of [Rule 11] is harmless error if it does not affect substantial rights." Fed. R. Crim. P. 11(h). Therefore, we set aside a guilty plea only if it was made in violation of one of Rule 11's "core concerns": "1) absence of coercion; 2) the defendant's understanding of the charges; and 3) the defendant's knowledge of the consequences of the guilty plea." Bierd, 217 F.3d at 18-19 (quoting United States v. Gray, 63 F.3d 57, 60 (1st Cir. 1995)).

The Court Interpreters Act, 28 U.S.C. § 1827, provides that judges must use the services of qualified interpreters if a party speaks only or primarily a language other than English. The trial court has an affirmative duty to inquire as to whether a defendant needs an interpreter if the defendant has difficulty with English. Valladares v. United States, 871 F.2d 1564, 1565-66 (11th Cir. 1989) (citing United States v. Tapia, 631 F.2d 1207, 1209 (5th Cir. 1980)). The trial judge has broad discretion as to whether to use a court interpreter. Id.

Here, the transcript of the change-of-plea proceeding does not reflect that a court interpreter assisted in the change-of-plea colloquy.[1] However, as seasoned a judge as he is, Judge Carter would

---

[1] The United States argues that the record does reflect that Petitioner had an interpreter because, at the change-of-plea hearing of Petitioner's co-defendant Máximo Salamo-Olmeda, the presiding judge asked whether Salamo-Olmeda needed the services of an interpreter. Docket No. 18. The United States also presents a scrap of paper that it claims is an entry in the planner of certified interpreter Thomas Kavelin, demonstrating that Kavelin was working in the presiding judge's courtroom

not have proceeded to take a plea from a defendant that could not communicate in English. Similarly, David Román, Defendant's lawyer, would not have allowed a non-English-speaking defendant to stand before Judge Carter without understanding the language of the colloquy. We, therefore, find that Petitioner was either able to speak English or was assisted by an interpreter during the plea colloquy.

This conclusion is supported by the transcript of the change-of-plea hearing. During the hearing, Petitioner confirmed that if at any time he could not understand a question he would alert the court instead of attempting to answer. Petitioner went on to answer several questions with full sentences and never indicated that he could not understand the proceedings. At one point, Román informed the court that Petitioner did not speak English and had to have the indictment explained to him in Spanish. Case No. 01-638, Docket No. 100. However, based on the entire record (and assuming Petitioner was not assisted by an interpreter at the hearing), we understand Román's statement to mean that Petitioner could not read and understand the indictment, not that he could not comprehend the court proceedings. Although the court would have done well to conduct a more thorough inquiry into Petitioner's comprehension of English, the record does

---

on the day of Petitioner's change-of-plea hearing. Id. We are unconvinced by either of these arguments. First, the fact that Petitioner's co-defendant was offered an interpreter does not demonstrate that Petitioner also was offered one. Second, the exhibit presented as an entry in Kavelin's planner is indecipherable and contains no indicia of authenticity. See id.

not demonstrate that Petitioner had difficulty with English so as to trigger the requirements of the Court Interpreters Act. See Valladares, 871 F.2d at 1565-66. Further, the totality of the circumstances, including the court's thorough Rule 11 colloquy and the competence of Judge Carter and Attorney Román, indicate that Petitioner's plea was knowing, intelligent, and voluntary and that it complied with the Due Process Clause. See Bierd, 217 F.3d at 18. Therefore, we find that Petitioner's plea colloquy satisfied the requirements of Rule 11 and the Due Process Clause. Accordingly, we also deny his claim for ineffective assistance of counsel based on his attorney's failure to insist on the services of an interpreter.

Therefore, we **DENY** Petitioner's § 2255 motion, Docket No. 1, **WITH PREJUDICE.** Pursuant to Rule 4(b) of the Rules Governing § 2255 Proceedings, summary dismissal is in order because it plainly appears from the record that Petitioner is not entitled to relief.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, this 6th day of May, 2009.

                                        S/José Antonio Fusté
                                        JOSE ANTONIO FUSTE
                                        Chief U.S. District Judge